STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0219

RAY AND MADELYN LANDRY

VERSUS

CITY OF GONZALES, PARISH OF ASCENSION
AND EAST ASCENSION CONSOLIDATED
GRAVITY DRAINAGE DISTRICT NO. 1

Judgment Rendered: __**FEB 2 1 2024**__

* * * * *

ON APPEAL FROM THE
TWENTY-THIRD JUDICIAL DISTRICT COURT, DIVISION D
IN AND FOR THE PARISH OF ASCENSION
STATE OF LOUISIANA
DOCKET NUMBER 118,212

HONORABLE STEVEN TUREAU, JUDGE PRESIDING

* * * * *

David A. Lowe
Baton Rouge, LA

Attorney for Defendant-Appellant
City of Gonzales


Eric A. Kracht
John M. Madison
Jacob B. Huddleston
Baton Rouge, LA

Attorneys for Plaintiffs-Appellees
Ray and Madelyn Landry


**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

**GREENE, J.**

This is an appeal from a judgment that determined the amount of damages the City of Gonzales owed to homeowners as a result of its failure to maintain its drainage servitude over their property. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 24, 2017, Ray and Madelyn Landry filed suit against the City of Gonzales (hereafter the City) maintaining that the City acquired a public drainage servitude across a portion of their property through acquisitive prescription and destination of the owner.[1] The Landrys asserted that the City had overburdened the servitude and failed to maintain it, resulting in ongoing subsurface erosion and damages to their house, yard, and swimming pool. The City filed an answer denying liability and setting forth affirmative defenses. Various motions and exceptions were filed, and the matter proceeded to a bifurcated trial.

The trial on the issue of liability was held on September 23, 2020. Thereafter, the trial court determined that the City had acquired a drainage servitude over the property owned by the Landrys and was responsible for the maintenance of the drainage servitude. The trial court further found that the City had failed to perform the maintenance of the servitude and was therefore liable for the damages sustained by the Landrys. That judgment was signed on October 22, 2020.

The City of Gonzales appealed the judgment on liability, and the Landrys answered the appeal. This Court issued an *ex proprio motu* rule to show cause as to whether that appeal should be dismissed. Thereafter, this Court dismissed the appeal and the answer to the appeal, finding that the motion for appeal was not filed timely. **Landry v. City of Gonzales**, 2023-0218 (La. App. 1 Cir. 5/8/23) (unpublished), writ denied, 2023-00802 (La. 10/3/23), 370 So.3d 1079.

The trial on the issue of damages was held on August 11, 2021. Thereafter, the trial court ruled in favor of the Landrys and against the City, awarding damages to the Landrys. That judgment was signed on October 27, 2021. The Landrys filed a motion

---

[1] The Parish of Ascension and East Ascension Consolidated Gravity Drainage District No. 1 were also named as defendants but were subsequently dismissed from the suit.

2

for new trial. The trial court granted the motion for new trial in part. The trial court thereafter awarded the Landrys "$17,165.64 for painting repair costs, $13,743.12 for drywall, sheetrock, paneling, and wood wall finishes repair/replacement costs, and $49,400.00 to repair/replace the swimming pool" but did not state that the ruling was against any party. That judgment was signed on September 25, 2022. The City appealed that judgment. This Court issued an interim opinion on September 8, 2023, remanding the matter to the trial court for the limited purpose of signing an amended judgment with proper decretal language. The trial court signed an amended judgment on September 20, 2023 with proper decretal language.[2]

On appeal, the City asserts two assignments of error: (1) the trial court erred in denying its exception of prescription, and (2) the trial court erred in its award of damages.

## ASSIGNMENT OF ERROR NUMBER ONE

In assignment of error number one, the City maintains that the trial court erred in denying its exception of prescription. The City asserts that, as the trial court found that the servitude was obtained by acquisitive prescription and destination of the owner, the City appropriated a servitude of drainage over a portion of the Landrys' property before it was owned by the Landrys, and that the Landrys now seek compensation for that appropriation. However, the City asserts, the Landrys' claim for compensation had clearly prescribed, pursuant to La. R.S. 13:5111.

Louisiana Revised Statutes 13:5111 provides in part:

A. A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the state of Louisiana, a parish, or municipality or other political subdivision or an agency of any of them, for compensation for the **taking of property** by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the costs of court, such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding. Any settlement of such claim, not reduced to judgment, shall include such reasonable attorney, engineering, and appraisal fees as are actually incurred because of such proceeding. Actions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking. (Emphasis added.)

---

[2] The amended judgment was filed on January 30, 2024, and the supplement to the record was received by this Court on January 30, 2024, but the judgment states it was signed on September 20, 2023.

The judgment shows that the Landrys were not awarded compensation for the City taking the servitude. Rather, they were awarded damages for the City's failure to maintain its servitude across their property. Thus, we find that La. R.S. 13:5111 does not apply herein. This assignment of error has no merit.

## ASSIGNMENT OF ERROR NUMBER TWO

In assignment of error number two, the City maintains that the trial court erred in its damages award. In particular, the City argues the Landrys were co-owners of the drainage pipe, and thus, the damages award should be reduced by at least one-half. We note that this argument relates to the City's liability, which is not at issue in this appeal. The trial court determined in a separate judgment that the City was responsible for the drainage servitude, the City failed to maintain the drainage servitude, and thus was responsible for the resulting damages. This argument has no merit.

The City further argues that the damages award for the replacement of the Landrys' roof, replacement/repair of their drainage system, and for repairs to the interior of their house lacked specificity. This argument appears to relate to the trial court's October 27, 2021 judgment (rendered prior to the trial court's partial grant of the motion for new trial), which ordered the City in part to pay the Landrys "$67,700 for the repairs to the interior of the home, subject to any credits from the [Landrys'] insurance proceeds further delineated in Reasons for Judgment."

The September 20, 2023 judgment did not award damages for the replacement of the roof or the drainage system, and the award for repairs to the interior of the house were specifically stated to be "$17,165.64 for painting repair costs, [and] $13,743.12 for drywall, sheetrock, paneling, and wood wall finishes repair/replacement costs." Thus, we find that this argument has no merit.[3]

## CONCLUSION

For the foregoing reasons, the trial court's September 20, 2023 judgment is affirmed. The costs of this appeal are assessed against the City of Gonzales.

**AFFIRMED.**

---

[3] The City also maintained that it anticipated that the Landrys would seek an increase in the damages award from this Court and such an award would be improper. As the Landrys did not file an answer to the appeal, we need not address that issue.

4